## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

HECTOR RODRIGUEZ,  )
    Plaintiff,  )
      )
      )
    v.  )  C. A. No. 12-510-M
      )
BRIAN K. MURPHY, et al.,  )
    Defendants.  )
      )

## ORDER

Plaintiff Hector Rodriguez, a detainee at the Donald W. Wyatt Detention Facility (Wyatt) in Central Falls, Rhode Island, filed a § 1983 suit pro se against Warden Brian K. Murphy, Chief of Security Major C. Coburn, and Director of Programs Ms. J. Singleton (collectively, Defendants).[1] (ECF No. 1.) Mr. Rodriguez first alleges that his classification in a group of cells known as H-unit violates his civil rights because detainees in H-unit do not have access to rehabilitation programs and enjoy fewer privileges than the rest of the population. (ECF No. 1 at 2-5.) Second, as a continuation of his first claim, he contends that his classification in the H-unit "based solely on account of an affidavit for which I have not been adjudicated" is a "purely arbitrary" "injustice." *Id.* at 5. Mr. Rodriguez seeks $3500 in damages and an order requiring Defendants to end the H-unit and provide unrestricted access to programs. *Id.* at 6. As an

---

[1] Wyatt is operated by the Central Falls Detention Facility Corporation, an entity that was created by the Rhode Island General Assembly; it is governed by a five-member board and calls itself a "quasi-public adult detention facility." Donald W. Wyatt Detention Facility, http://wyattdetention.com/ (last visited Jan. 31, 2013). Judges in this district differ on whether suits against employees of Wyatt should be brought pursuant to 42 U.S.C. § 1983 — because the employees are acting under color of state law — or brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) — because the employees are acting under color of federal law. *See, e.g., LaCedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114 (D.R.I. 2004) (§ 1983); *Sarro v. Cornell Corrs., Inc.*, 248 F. Supp. 2d 52, 57-61 (D.R.I. 2003) (Bivens). The First Circuit has not addressed the issue and this Court need not decide it to rule on the pending motion.

exhibit to his complaint, Mr. Rodriguez submitted fifteen pages of documents pertaining to his concerns about his classification at Wyatt, including a memorandum indicating that he was scheduled for a hearing, a rejection of his grievance, and an appeal. (ECF No. 1-1.)

This matter is before this Court on Defendants' Motion to Dismiss. (ECF No. 7.) Defendants argue that prisoners have no cause of action for their custodial classification so this case should be dismissed. *Id.* at 3. Mr. Rodriguez objects, arguing that his custodial classification violates his right to rehabilitation programs and his right to due process. (ECF No. 12-1 at 1.) He further contends that his classification should be based on his "behavior in the facility," not on a State Trooper's affidavit. *Id.* at 2.

"In considering a motion to dismiss, a court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (*quoting Monahan v. Dorchester Counseling Ctr., Inc.*, 961 F.2d 987, 988 (1st Cir. 1992)). Documents attached to the complaint may be considered as well. *Id.* A "court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 224 (1st Cir. 2012). While complaints need only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), they "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal, therefore, is granted when a plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Because Mr. Rodriguez appears pro se, this Court reviews his pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

2

Applying this standard, the following factual allegations are relevant. Mr. Rodriguez resides at Wyatt in the H-unit, a part of the facility housing detainees that are designated security risks. (ECF No. 1 at 1, 3-5; ECF No. 1-1 at 1, 2, 5-11, 14-15.) Mr. Rodriguez's placement in the H-unit is based upon "the U.S. Marshall's and an affidavit written by a Massachusett's State Trooper involved in my case." *Id.* at 3. Mr. Rodriguez has had numerous communications with Defendants and others at Wyatt regarding his classification and his desire to participate in programs. *Id.* at 3-4. Mr. Rodriguez filed several informal complaints, formal grievances, and he appealed those grievances. *Id.* at 7; *see also* ECF No. 1-1. Wyatt's detainee booklet contains no policies or regulations regarding the H-unit. *Id.* at 5.

Turning to the law, the U.S. Supreme Court has explained that "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Id.* (internal citations omitted). While the U.S. Supreme Court has "held that the Constitution itself does not give rise to a liberty interest in avoiding [] more adverse conditions of confinement," it also has stated "that a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, subject to the important limitations set forth in *Sandin v. Conner*." *Id.* at 221-22. *Sandin* specifies that liberty interests created by state policies or regulations "will be generally limited to freedom from restraint which . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For example, "*Sandin* found no liberty interest protecting

3

against a 30-day assignment to segregated confinement because it did not 'present a dramatic departure from the basic conditions of [the inmate's] sentence.'" *Wilkinson*, 545 U.S. at 223 (quoting *Sandin*, 515 U.S. at 485).

Under the U.S. Supreme Court's *Wilkinson v. Austin* opinion, Mr. Rodriguez does not have a constitutional liberty interest in avoiding his placement in the H-unit. *See id.* at 221-22 (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Therefore, any liberty interest must arise from "state polices or regulations, subject to . . . *Sandin*." *Id.* Mr. Rodriguez avers that there are no policies or regulations pertaining to the H-unit in the Wyatt detainee booklet, and he cites no Rhode Island laws, policies, or regulations regarding inmate classification. (ECF No. 1 at 5.) Furthermore, the First Circuit has stated that "Rhode Island has not created a protected liberty interest in its prison classification system," so an inmate's "challenge to his prison classification [] does not rise to a constitutional level." *McManus v. Wall*, 29 Fed.Appx. 618, 619 (1st Cir. 2002) (citing *Sandin*, 515 U.S. at 484). Based on the record before this Court, there is no state policy or regulation creating a liberty interest.

Moreover, even if a policy or regulation created a liberty interest, that interest would be limited by *Sandin*. *See Wilkinson*, 545 U.S. at 221-22. Mr. Rodriguez has not alleged sufficient facts for a plausible claim that his placement in the H-unit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S at 484. Consequently, even if a state policy or regulation created a liberty interest, his placement in the H-unit is not actionable.

Finally, because Mr. Rodriguez fails to state a claim regarding his classification, this Court need not reach his secondary claim regarding the basis for that classification. In addition,

this Court is mindful that "a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators." *Rhodes v. Chapman*, 452 U.S. 337, 350 (1981).

Mr. Rodriguez, therefore, has failed to state a claim for relief.  Defendants' Motion to Dismiss (ECF No. 7) is GRANTED.


IT IS SO ORDERED.


John J. McConnell, Jr.
United States District Judge

February 1, 2013